IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELWOOD A. GREEN #359184 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. GLR-14-1512 |
| OFFICER RILEY<br>ACTING WARDEN | * | |
| ARP COORDINATOR | * | |
| Defendants | * | |

\*\*\*\*

**MEMORANDUM OPINION**

Self-represented Plaintiff Elwood A. Green ("Green"), an inmate confined at Western Correctional Institution ("WCI"), filed the above-captioned civil rights Complaint regarding the rejection of his Administrative Remedy Procedure ("ARP") grievance concerning property that was stolen or lost on July 8, 2012. Green seeks $120 in damages for the lost property and $1,200 in punitive damages for the alleged misconduct resulting in the denial of relief under the ARP process. ECF No. 1, p. 3 and ECF No. 1-2, p. 4. Accompanying the Complaint is Green's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) which shall be granted.

Green does not state the basis for his federal cause of action with regard to his claim that his ARP complaint was not properly adjudicated. Affording the self-represented pleading a liberal construction, it appears Green is raising a due process claim that prison officials erred in dismissing his ARP complaint on procedural grounds, thus preventing his recovery for his lost property.

Ordinarily, the question of whether ARPs have been processed or investigated properly, or have been wrongfully dismissed creates no constitutional claim for relief. Under the law of

this Circuit, there is no entitlement to grievance procedures or access to such procedures voluntarily established by a state.  See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).  It is arguable, however, that if certain acts or omissions relating to the processing of grievances interfere with a prisoner's constitutional right to access to the courts, a colorable claim may be stated.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).

In Maryland, filing a request for administrative remedy with the warden of the prison is the first of three steps in the ARP process. The Division of Correction's Directive on Administrative Remedy Procedures, DCD # 185-002 (August 27, 2008) outlines the ARP process.  The ARP must be filed within 30 days of the date on which the incident occurred, or 30 days of the date the prisoner first gained knowledge of the incident or injury giving rise to the complaint, whichever is later.  DCD # 185-002, § VI. L.3.  If the request is denied, a prisoner has 30 calendar days to file an appeal with the Commissioner of Correction.  DCD # 185-002, VI. M.1.  If the appeal is denied, the prisoner has 30 days to file a grievance with the Executive Director of the Inmate Grievance Office ("IGO").  See Md. Code Ann., Corr. Servs. §§ 10-206, 10-210; Md. Code Regs. title 12 § 07.01.03; see also DCD # 185-002, §VI.N.1.  In order to show administrative exhaustion, the prisoner must demonstrate that he appealed his grievance to the IGO through all three steps in the administrative process.

The property allegedly disappeared on July 8, 2012. ECF No. 1-2, p. 4.  Green timely filed his ARP to the Warden on July 15, 2012.  Id.  He was told to resubmit the ARP by August 15, 2012, with supporting exhibits showing property ownership as well as the shift during which the property was taken and who was responsible for property inventory.  ECF No. 1-2, p 2. Green claims he "did what [he] was told" and resubmitted an ARP, which was signed on August 13, 2012, and received in the Warden's office on August 16, 2012, that included receipts for

several of the items of property.  Id.  It is clear that Green did not submit all of the requested receipts (presumably for the food and personal hygiene items) because he was "not able to retain any receipts from commissary."  Id., p. 5.  The October 2, 2012 response to that re-submission, signed by the Warden's representative and received by Green on October 5, 2012, states the ARP was "dismissed for procedural reasons"[1] and also because Green failed to provide "[p]roof of ownership, valuables forms and receipts."  Id., pp. 4 and 10.

Green then filed an appeal to the Commissioner that was received by the Division of Correction ARP/IGO Unit on December 18, 2012.  Although unable to provide receipts from the commissary for food and hygiene items, Green did include a receipt from Union Supply Direct indicating a $33.95 cost for two music discs.  Id., pp. 8-9.  Green also provided copies of his ARP submissions to the Warden to support his claim that he did all he could to file his supplemental ARP to the Warden on time.  Id., p. 10.  Despite this effort, Green's appeal was denied as untimely on January 18, 2013.  Id., p. 1.  Green does not explain why, nor indicate whether, he appealed the January 18, 2013 decision to the IGO.

The evidence suggests that Green's re-submission of his ARP included receipts showing property valued at $33.95.  It is arguable that Green did all he could to submit the paperwork to the ARP Coordinator at his prison in a timely manner, even though it was not logged into the appropriate office until one day after the deadline.  Green's appeal to the Commissioner was well documented; however, it was received long after the 30-day appeal period had expired.  Furthermore, Green does not indicate he presented the denial of the ARP appeal to the IGO, a final step in the ARP process.  Nothing suggests that Green was denied an opportunity to present his claim through the ARP process.  Thus, Green has failed to establish a denial of due process.

---

[1] Although unclear, it appears the ARP Coordinator determined the submission was untimely.  Id., pp. 4-5.

To the extent that Green seeks money damages for the wrongful loss of his property,[2] sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. See Parratt v. Taylor, 451 U.S. 527, 542-44 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy, see Juncker v. Tinney, 549 F. Supp. 574, 579 (D. Md. 1982);[3] for that reason, Green's property claim cannot proceed here.

Consequently, this case will be dismissed without prejudice. A separate Order follows.

May 19, 2014                                                                /s/
                                                                            _____
                                                                            George L. Russell, III
                                                                            United States District Judge

---

[2] Green suggests that he did not receive a hearing before his property was packed and removed from his cell. The property was inventoried and packed up because Green was taken to the medical department, where he apparently was housed for a period of time. ECF No. 1-2, pp. 4- 5. It does not appear that the property was seized because it was considered contraband; the attachments to the Complaint suggest that the property may have been stolen or lost just prior to or at the time of the inventory.

[3] Although Juncker dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given Juncker's reliance on Parratt in dismissing plaintiff's due process claim.